# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0656
Filed March 11, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Charles Lamine Cephas,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

———————————

**APPEAL DISMISSED**

———————————

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Charles Cephas attempts to appeal his guilty plea to possession of a controlled substance—five grams or less of fentanyl—with intent to deliver, a class "C" felony in violation of Iowa Code section 124.401(1)(c)(10) (2024). He claims the district court failed to adequately advise him on the elements of the offense and potential collateral consequences. And he concedes he failed to file a motion in arrest of judgment, though he asserts the court did not adequately advise him of the need to do so.

At the combined plea and sentencing hearing, the court told Cephas "the only way" he could challenge his plea and claim it was "illegal, invalid, or a violation of [his] rights" was to file a motion in arrest of judgment. And the court explained that failure to do so would "giv[e] up forever your right to withdraw this plea of guilty or to challenge its validity in any court at any time in the future." The court also explained that, by proceeding to immediate sentencing, Cephas would forfeit the time necessary to file a motion. Cephas said he understood and wanted to be sentenced immediately. This advisory complied with our case law. *State v. Hightower*, 8 N.W.3d 527, 534–36 (Iowa 2024); *State v. Fisher*, 877 N.W.2d 676, 680–81 (Iowa 2016).

Because Cephas did not move in arrest of judgment and was adequately advised of the need to do so, we lack authority to review his plea on appeal. *See Hightower*, 8 N.W.3d at 535–36; Iowa R. Crim. P. 2.24(3)(a)(2). And even if we excused the failure to move in arrest of judgment, Cephas does not assert he probably "would not have pled guilty if the [alleged plea] defect had not occurred." Iowa Code § 814.29. This independently bars relief and warrants dismissal. *See, e.g.*, *State v. Wetzel*, No. 24-0762, 2025 WL 1076859, at *2 (Iowa Ct. App. Apr. 9, 2025).

**APPEAL DISMISSED.**